**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

Linwood A. Jones - Bar #:  008761979
7 Glenwood Avenue, Suite 414B
East Orange, NJ 07017
O: 973-676-7439
F: 973-674-8043
E-Fax: 888-413-5141
E-Mail: linwoodjonesesq@gmail.com
Attorney for Alva M. Muhammad, Debtor

In Re:

Alva M. Muhammad,

                              Debtor.

Alva M. Muhammad,

                Plaintiff,

v.

U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust and Community Dream Living, Inc.,

                Defendants.

Chapter:            13

Case No.:        22-17472-RG

Adv. No.:        _____

Hearing Date:

Judge:    Hon. Rosemary Gambardella

**ADVERSARY COMPLAINT**

### COMPLAINT TO AVOID ESSEX COUNTY SHERIFF FORECLOSRE SALE PURSUANT TO 11 U.S.C. 522(h)

Plaintiff Alva M. Muhammad, the Debtor, brings this complaint against U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust and Community Dream Living, Inc. to avoid the sale of her home to Community Dream Living, Inc. pursuant to §522(h) of the United States Bankruptcy Code.  In support of her complaint, Ms. Muhammad alleges the following:

### PARTIES

1.     Plaintiff Alva M. Muhammad filed a Chapter 13 Bankruptcy on September 21, 2022 under case number 22-17472 and resides at 248 Ogden Street, Orange, NJ 07050, the property at issue (herein after to be referred to as "the property").

2.      Defendant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust is the mortgagee of the Plaintiff.

3.      Defendant Community Dream Living, Inc. purchased the Plaintiff's residence on January 21, 2025 at a sheriff sale conducted by the Essex County Sheriff Department on January 21, 2025.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (b)(2).

5.      Venue is proper in the United States Bankruptcy Court for the District of New Jersey, pursuant to 28 U.S.C. §1408 and 28 U.S.C. § 1409(a).

6.      This matter is a core proceeding pursuant to 28 U.S.C. § § 157(a), (b)(2)(F), and 1334(a).

## STATEMENT OF FACTS

7.      Plaintiff is 66 years old.

8.      Plaintiff's household consist of her14 year old grandson and herself.

9.      Plaintiff has owned the home in which she resides for approximately 42 years.

10.      On September 21, 2022, Plaintiff filed for Chapter 13 Bankruptcy to stop her home from being sold at a sheriff sale.

11.      On September 30, 2024, the automatic stay was vacated on the grounds that she was $4,570.00 in arrears through June 30, 2024 (DOC 63).

12.      On November 19, 2024, a Motion to Reinstate the Automatic Stay was filed (DOC 73).

13.      On January 21, 2025, a Sheriff of the debtor's home was scheduled to occur.

14.      On January 8, 2025, mortgagee's Response to Debtors' Motion to Reinstate the Automatic Stay provided in pertinent part at Par. 7 (DOC 75):

>        Debtor needs to provide proof of payments made that are not
>        credited on the attached history or otherwise bring the mortgage
>        account current.

15.      On January 14, 2025, the attorney for Defendant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust was sent an email with proof of certified funds in the amount of $10,900.00 from the Plaintiff.

16.      On January 14, 2025, the attorney for Defendant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust stated that it would not object to the Motion to Reinstate as a result of the proof that $10,900.00 was available.

17.     On January 14, 2025, the attorney for Defendant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust stated Defendant U.S. Bank Trust National Association needed to verify proof of home insurance that had been provided to the mortgage in October, 2024, adjust payment history and provide a Consent Order regarding the amount of any arrear balance in excess of the $10,900.00 to be paid by the debtor and how any arrears were going to be repaid.

18.     As a result of the settlement, the January 15, 2025 calendar regarding the motion to reinstate the automatic stay was marked "OTBS,", in lieu of a hearing on the motion.

19.     Under the circumstances, Plaintiff reasonably assumed that the sheriff sale had been cancelled.

20.     Defendant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust failed to cancel the January 21, 2025 sheriff sale.

21.     On January 21, 2025, Defendant Community Dream Living, Inc. purchased Plaintiff's home at the sheriff sale for the price of $213,200.00.

## <u>FIRST COUNT</u>
(Avoidance of transfer under 11 U.S.C. §§ 547(b) and 522(h)

22.     Plaintiff repeats the allegations paragraphs 1 through 21.

23.     The sale of the property occurred after Plaintiff and Defendant U.S. Bank Trust National Association had reached a settlement that should have resulted in the sheriff sell being cancelled.

24.     The sale of the property for  $213,200.00 resulted in a windfall for Defendant Community Dream Living, Inc.

25.     The sale of the property is avoidable pursuant to 11 U.S.C. §522((h) of the Bankruptcy Code.

WHEREFORE, Plaintiff demand judgment;

A.      Avoiding the involuntary transfer of the property to Defendant Community Dream Living, Inc. pursuant to 11 U.S.C. 522(h);

B.      Recovering and restoring the Property on behalf of Plaintiff and her estate pursuant to 11 U.S.C. § 550 and 11 U.S.C. § 551;

C.      Awarding costs to Plaintiff; and

D.      Such further relief as the Court may deem just and equitable.

Dated: March 10, 2025                              /s/ Linwood A. Jones
                                                   Linwood A. Jones
                                                   Attorney for Plaintiff